IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRANDON L. FAKE,** | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA,** *et al.*, | : | NO. 17-3636 |
| Defendants. | : | |

<u>MEMORANDUM</u>

**PAPPERT, J.**                                                                                                                       **OCTOBER 26 , 2017**

      Brandon L. Fake brings this civil action pursuant to 42 U.S.C. § 1983 against the Commonwealth of Pennsylvania, the First Judicial District of Pennsylvania, and Judges Diane R. Thompson and Margaret T. Murphy. Fake raises various claims associated with contentious divorce, support and custody proceedings between Fake and his ex-wife that began in 2004. For the reasons set forth below, the Court dismisses the Amended Complaint with prejudice.

**I.**

      In 2016, Fake filed a complaint in this Court in which he sued 44 defendants based on an alleged conspiracy dating back to 2004 in the Philadelphia Courts. *Fake v. Philadelphia Ct. of Common Pleas*, No. 16-3893 (E.D. Pa. filed July 18, 2016.) On July 27, 2016, the Court dismissed Fake's complaint and allowed him to file an amended complaint. *Fake v. Philadelphia Ct. of Common Pleas*, No. 16-3893, 2016 WL 4039654, at *5 (E.D. Pa. July 27, 2016). In its Memorandum, the Court advised Fake that he lacked standing to raise claims on behalf of third parties; that he could not assert claims under federal criminal statutes or claims based on alleged deficiencies in the investigation and prosecution of his ex-wife; that most of his claims were barred by Pennsylvania's two-year statute of limitations; he had not provided

sufficient allegations to properly plead a claim of conspiracy; the Philadelphia Court of Common Pleas is not subject to liability under § 1983; and that judges are absolutely immune from liability under § 1983 unless they act in the clear absence of all jurisdiction. *Id.* at 3-5.

Fake then filed an amended complaint naming 28 defendants. *Fake v. Philadelphia Ct. of Common Pleas*, No. 16-3893 (E.D. Pa. filed Aug. 29, 2016). On October 17, 2016, the Court dismissed Fake's claims under 18 U.S.C. § 242 and 42 U.S.C. § 1985(2), again telling Fake that the Philadelphia Court of Common Pleas is not subject to liability under § 1983, and that he had not pled a plausible conspiracy claim. *Fake v. Philadelphia Ct. of Common Pleas*, No. 16-3893, 2016 WL 6071365, at *2-8 (E.D. Pa. Oct. 17, 2016). The Court provided Fake "leave to file a second amended complaint in the event it is possible for him to state a timely claim against a proper defendant who is not entitled to immunity." *Id.* at *8.

Fake subsequently filed a second amended complaint naming the City of Philadelphia, Dianne Fake (his ex-wife), Under Secretary of the Navy Patrick Murphy, and four judges who served on the Philadelphia Court of Common Pleas during the relevant time period. *Fake v. Philadelphia Ct. of Common Pleas*, No. 16-3893 (E.D. Pa. filed Nov. 21, 2016). On December 21, 2016, the Court dismissed the second amended complaint. *Fake v. City of Philadelphia*, No. 16-3893, 2016 WL 7429009, at *6 (E.D. Pa. Dec. 21, 2016). Fake had again failed to state a conspiracy claim and had not stated a basis for a claim against the City of Philadelphia. *Id.* at *3-6. The Third Circuit affirmed the ruling. *Fake v. City of Philadelphia*, --- F. App'x ----, No. 17-1173, 2017 WL 3601248 (3d Cir. Aug. 22, 2017).

Undeterred, Fake filed this case. On August 11, 2017, the Court received Fake's initial complaint and motion to proceed *in forma pauperis*. On August 28, 2017, the Court granted Fake leave to proceed *in forma pauperis*, dismissed the complaint, and allowed him to file an

amended complaint within thirty (30) days. (ECF No. 4.) He filed a 33-page Amended Complaint and 759 pages of exhibits on September 29, 2017. (ECF No. 6.)

In his Amended Complaint, Fake contends that the Commonwealth of Pennsylvania, the First Judicial District of Pennsylvania, and Judges Margaret Murphy and Diane Thompson have violated his rights to due process and equal protection throughout proceedings related to custody of Fake's children. (Am. Compl. at 2.) Fake provides a detailed timeline of events, ranging from August 9, 2016 to September 25, 2017, that he alleges have occurred in those proceedings. (*Id.* at 5-31.) Overall, Fake is unhappy about various rulings that have been made in the support proceedings by Judges Murphy and Thompson.

## II.

As noted above, the Court previously granted Fake leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* Furthermore, the Court may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). As Fake is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

3

**III.**

**A.     Claims Under Criminal Statutes**

Fake vaguely contends that the defendants have violated various criminal statutes, including 18 U.S.C. § 2382. As the Court has previously informed Fake, criminal statutes do not provide a basis for civil liability. *See Cent. Bank of Dover, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone[.]."); *see also Chen ex rel. V.D. v. Lester*, 364 F. App'x 531, 536 (11th Cir. 2010) (affirming dismissal of claims brought pursuant to 18 U.S.C. § 2382); *Landes v. Burger*, No. 90-7975, 1991 WL 175376, at *2 (E.D. Pa. Sept. 6, 1991) (noting that plaintiff could not bring a civil action pursuant to 18 U.S.C. § 2382). Thus, any claims brought pursuant to criminal statutes are dismissed.

**B.     Claims Raising Disability, Religion, and Gender Discrimination**

Fake vaguely alleges that the defendants have "willfully discriminated against [him] on the basis of disabilities, religious beliefs, and gender." (Am. Compl. at 2.) Based upon this, he raises claims under 42 U.S.C. §§ 2000b-2, 2000h-2, 2000h-3, 12101, 12102, 12103, 12117, 12133, 12182, 12188, 12202, 12203, and 12205. The Amended Complaint, however, contains no facts that plausibly suggest that the defendants discriminated against him on these bases. All claims brought pursuant to these statutes will also be dismissed.

**C.     Claims Under 42 U.S.C. § 1985**

Fake asserts claims pursuant to 42 U.S.C. § 1985(2) & (3) against Judges Murphy and Thompson. To state a claim under § 1985(2), a plaintiff

> must point to a federal or state proceeding with which the defendants have interfered. In the case of a state proceeding, he must allege that such interference was done to "deny to any citizen the equal protection of the laws." Otherwise, a claim under § 1985(2) must fail. Additionally, the Supreme Court of the United

> States has interpreted the second portion of § 1985(2) to require that the conspirators' actions in furtherance of their objective have some "racial, or perhaps otherwise class-based, invidiously discriminatory animus" and be "motivated by an intent to deprive their victims of the equal protection of the laws."

*Abuomar v. Commonwealth of Pa. Dep't of Corr.*, No. 4:14-CV-01036, 2017 WL 2972825, at *3 (M.D. Pa. July 12, 2017) (citations omitted). Although Fake alleges that the defendants have conspired to interfere in a state proceeding, he fails to allege the type of race- or class-based discrimination that is required to state a claim under § 1985(2). The Court dismisses Fake's § 1985(2) claims.

As the Court has previously told Fake, "to state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States." *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997); *Farber v. City of Paterson*, 440 F.3d 131, 136 (3d Cir. 2006) (explaining that "§ 1985(3) defendants must have allegedly conspired against a group that has an identifiable existence independent of the fact that its members are victims of the defendants' tortious conduct"). Although Fake alleges that the defendants have conspired against him, he again fails to allege the type of race- or class-based discrimination that is required to state a claim under § 1985(3) and those claims are dismissed as well.

### D. Claims Under 42 U.S.C. § 1986

Fake asserts claims pursuant to 42 U.S.C. § 1986 against the Commonwealth of Pennsylvania and the First Judicial District of Pennsylvania. That section provides that:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and

5

having power to prevent or aid in preventing the commission of the same, neglects or refuses to do so, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case . . . .

42 U.S.C. § 1986. "[Section] 1986 constitutes an additional safeguard for those rights protected under 42 U.S.C. § 1985, and 'transgressions of § 1986 by definition depend on a preexisting violation of § 1985." *Clark v. Carbaugh*, 20 F.3d 1290, 1295 (3d Cir. 1994) (quoting *Rogin v. Bensalem Twp.*, 616 F.2d 680, 696 (3d Cir. 1980)). Moreover, a plaintiff must allege that: "(1) the defendant had actual knowledge of a § 1985 conspiracy, (2) the defendant had the power to prevent or aid in preventing the commission of a § 1985 violation, (3) the defendant neglected or refused to prevent a § 1985 conspiracy, and (4) a wrongful act was committed." *Id.* As discussed above, however, Fake has failed to allege the existence of a § 1985 conspiracy. Thus, Fake cannot maintain a § 1986 claim against the Commonwealth of Pennsylvania and the First Judicial District of Pennsylvania and these claims are dismissed.

### E. Claims Under 42 U.S.C. § 1983

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Fake's Amended Complaint fails to allege a meritorious § 1983 claim against a proper defendant.

#### 1. Claims against the Commonwealth of Pennsylvania and the First Judicial District of Pennsylvania

To the extent that Fake has asserted § 1983 claims against the Commonwealth of Pennsylvania and the First Judicial District of Pennsylvania, those claims are legally frivolous. "[T]he Eleventh Amendment prohibits federal courts from entertaining suits by private parties

against States and their agencies." *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). "There are two limited circumstances under which a state's Eleventh Amendment immunity can be overcome": when the state has waived immunity and when Congress has exercised its power under section 5 of the Fourteenth Amendment to override that immunity. *Allen v. Sweeney*, No. 11-5602, 2012 WL 5897584, at *7 (E.D. Pa. Nov. 20, 2012). Neither exception applies here. *Id.* Moreover, the Commonwealth of Pennsylvania is not a "person" under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."). Likewise, the First Judicial District of Pennsylvania is also entitled to Eleventh Amendment immunity. *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005). Fake's § 1983 claims against the Commonwealth of Pennsylvania and the First Judicial District of Pennsylvania are dismissed accordingly.

### 2. Claims against Judges Thompson and Murphy

Throughout his Amended Complaint, Fake contends that Judges Thompson and Murphy, who presided over various aspects of the custody proceedings, violated his constitutional rights. The majority of Fake's claims against the judges are based on how they ruled in the custody action, how they handled Fake's filings or scheduling matters in that case, and their signing of orders. Again, these actions are all judicial acts protected by absolute judicial immunity.[1] *See Fake v. City of Phila.*, No. 16-3893, 2016 WL 7429009, at *6 (E.D. Pa. Dec. 21, 2016) (citing

---

[1] Judges are absolutely immune from liability for damages under § 1983 for acts taken in their judicial capacity unless they acted in the clear absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Courts in Pennsylvania generally have jurisdiction over domestic relations proceedings, including child custody matters. *See* 23 Pa. Cons. Stat. § 3104. Fake has not alleged a factual basis to plausibly suggest that Judges Thompson and Murphy acted in the clear absence of all jurisdiction so as to vitiate judicial immunity here. *See Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) ("Generally . . . where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes." (internal quotations omitted)).

7

*Addlespurger v. Corbett*, 461 F. App'x 82, 85 (3d Cir. 2012) (per curiam); *Stankowski v. Farley*, 251 F. App'x 743, 746 (3d Cir. 2007) (per curiam); *Figueroa v. Blackburn*, 208 F.3d 435 443-44 (3d Cir. 2000)). Likewise, Fake's assertion that the Judges acted in administrative capacities is frivolous. *See id.* (citing *Andrews v. Hans-Greco*, 641 F. App'x 176, 180 (3d Cir. 2016); *Watkins v. Blocker*, NO. CIV.A. 06-3775, 2007 WL 789425, at *5 (E.D. Pa. Mar. 14, 2007)). Fake's § 1983 claims are dismissed.[2]

## IV.

The Court dismisses Fake's Amended Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Fake will not be permitted to file a second amended complaint, as amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2002). Fake's request for an injunction is denied as moot. An appropriate order follows, which shall be docketed separately.

*/s/ Gerald J. Pappert*

---

[2] Judges Murphy and Thompson are also entitled to immunity from any claims for injunctive relief. *See Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006) (per curiam).